```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LOUISE LEWIS,                       :
                                    :
                    Plaintiff,      :
                                    :   09 Civ. 4725 (JGK)(THK)
            -against-               :
                                    :   REPORT AND RECOMMENDATION
MICHAEL J. ASTRUE, COMMISSIONER     :
OF SOCIAL SECURITY,                 :
                                    :
                    Defendant.      :
------------------------------------X
```

**TO: HON. JOHN G. KOELTL, United States District Judge.**
**FROM: THEODORE H. KATZ, United States Magistrate Judge.**

Plaintiff Louise Lewis brought this action against the Commissioner of Social Security ("the Commissioner"), on May 20, 2009, after her receipt of a notice advising her that she had been overpaid $664.00 in Social Security benefits. The Commissioner has moved to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Plaintiff failed to exhaust her administrative remedies. Plaintiff has failed to respond to the motion.

The motion was referred to this Court for a Report and Recommendation, in accordance with 28 U.S.C. § 636 (b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court recommends that Defendant's motion be granted and this action be dismissed.

## DISCUSSION

By notice dated February 15, 2009, Plaintiff was notified that the Social Security Administration had determined that she had

COPIES MAILED
TO COUNSEL OF RECORD ON  2/11/10

received $644.00 more in Social Security benefits than she was due. (See Declaration of Patrick J. Herbst, dated June 9, 2009 ("Herbst Decl.") ¶ 3(a) & Ex. 1.) The notice also advised Plaintiff that she could seek a waiver of the collection of the overpayment or, if she disagreed with the decision, she had up to 60 days to appeal. The notice provided instructions on how to file an appeal. (See Herbst Decl. Ex. 1.) Plaintiff concedes that she received the notice on February 17, 2009. (See Complaint, dated May 22, 2009 ("Compl.") ¶ 8.) Nevertheless, Plaintiff did not seek administrative review of the agency's decision, (see Herbst Decl. ¶ 3(a)), and, on May 22, 2009, she filed the Complaint in this action instead.

Because Plaintiff failed to exhaust her administrative remedies, Defendant contends that this Court lacks subject matter jurisdiction and that the action should be dismissed without prejudice.

**I. Motion to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") is the mechanism for moving to dismiss a complaint for lack of subject matter jurisdiction. "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (quoting Makarova v. United States, 201 F.3d

2

110, 113 (2d Cir. 2000)). In considering a Rule 12(b)(1) motion, courts must construe all ambiguities and inferences in a plaintiff's favor. However, a court may refer to evidence outside of the pleadings, and the burden is on the plaintiff to prove by a preponderance of the evidence that jurisdiction exists. See Makarova, 201 F.3d at 113.

**II. The Absence of Subject Matter Jurisdiction**

"The doctrine of sovereign immunity falls under subject matter jurisdiction and thus is properly addressed under Rule 12(b)(1)." Guthrie v. U.S. Fed. Bureau of Prisons, No. 09 Civ. 990(LAP), 2010 WL 339759, at *3 (S.D.N.Y. Jan. 26, 2010) (citing FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," Meyer, 510 U.S. at 475, 114 S. Ct. at 1000; therefore, waiver is a "prerequisite" for subject matter jurisdiction in federal district courts. United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965 (1983); accord Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d Cir. 1999).[1]

Judicial review of social security actions is provided for in section 405(g) and (h) of the Social Security Act. Those

---

[1] Sovereign immunity also extends to officers of government agencies when they "act in their official capacities", Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005), because the suit is "essentially a suit against the United States." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).

3

provisions provide, in pertinent part:

> (g) Any individual, <u>after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain judicial review of such decision</u> by a civil action commenced within sixty days of the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided.</u>

42 U.S.C. § 405(g) & (h) (emphasis added).

Thus, before any person may bring an action in federal court regarding a decision about Social Security benefits, he must exhaust administrative remedies by securing a final decision from the Commissioner of Social Security. This is usually accomplished by first seeking a hearing before an administrative law judge and then appealing his decision, if it is unfavorable, to the Appeals Council.

> SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision. See 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999). If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. See § 404.900(b); <u>Bowen v. City of New York</u>, 476 U.S. 467, 482-483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies. See <u>Salfi</u>, <u>supra</u>, at 765-766, 95 S.Ct. 2457.

4

Sims v. Apfel, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000); accord Schweiker v. Chilicky, 487 U.S. 412, 424, 108 S. Ct. 2460, 2468 (1988); see also Bowen v. City of N.Y., 476 U.S. 467, 471-72, 106 S. Ct. 2022, 2025-26 (1986).

As the Second Circuit has noted, "[e]xhaustion is the rule, waiver the exception." Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992).

In this case, Plaintiff failed to obtain a final decision of the Commissioner before she commenced this action. She did not request an administrative review of the decision that she had been overpaid benefits, and never requested or appeared at a hearing. (See Herbst Decl. ¶ 3(a).) Thus, she failed to exhaust administrative remedies. Moreover, the Commissioner has not waived the exhaustion requirement, and there is no other basis on which to find a waiver. See Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983) ("A waiver of the exhaustion requirement may be inferred where the plaintiffs' claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate."). The Court therefore lacks subject matter jurisdiction to review Plaintiff's claim, and the action should be dismissed. See Matthews v. Chater, 891 F. Supp. 186 (S.D.N.Y. 1995) (dismissing social security action for failure to exhaust administrative remedies and lack of subject

matter jurisdiction), aff'd, 101 F.3d 681 (2d Cir. 1996).

**CONCLUSION**

Because Plaintiff failed to exhaust administrative remedies, and the Court lacks subject matter jurisdiction over this proceeding, it is respectfully recommended that the action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this report to file written objections. See also Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable John G. Koeltl, United States District Judge, 500 Pearl Street, New York, N.Y. 10007, and to the chambers of the undersigned, Room 1660, 500 Pearl Street. Any requests for an extension of time for filing objections must be directed to Judge Koeltl. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 147-48, 106 S. Ct. 466, 471 (1985); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2010
       New York, New York